HARRIS, J.
This issue in this case is whether a bank which has a previous agreement with its depositor that a pre-agreed fee will be charged to cover the bank’s expenses in the event a garnishment is served on the bank may offset that amount from the garnished account before responding to the writ of garnishment.
We agree with appellant’s attorney that the writ of garnishment became effective as to the monies in the account within “the blink of an eye” of the service of the writ. But since the depositor agreed to pay the bank a $65 per “notice of a garnishment” fee, the bank’s right to offset came into existence within that same “blink of an eye.” This tie, we conclude, should go to the one in possession of the money sought. In other words, in order to make the bank turn over funds to which it is entitled, the one garnishing the account must show a greater right, not an equal right.
In addition to its “blink of an eye” argument, appellant also asserts that the garnishment law does not permit the bank to *1127 deduct an administrative fee. Nor, insofar as we can tell, does it specifically prohibit it. Certainly the bank and its depositors are free to contract as they wish. Section 77.28, Florida Statutes, does provide that the court shall determine the garnishee’s costs and expenses upon entry of a final judgment. This provision indicates that indeed the bank is entitled to collect a reasonable fee to cover its expenses necessitated by the garnishment action and suggests that if the one garnishing an account disputes the bank’s charges, the matter may be submitted to the judge. In this case, it was.
Appellant moved for summary judgment arguing that the fee should not be permitted as an offset. Appellee moved for summary judgment asking the court to approve the fee as an offset. Appellee submitted an affidavit detailing the basis for its claim and, by references to charges of competing banks, established that the fee charged was reasonable. Appellant does not challenge the reasonableness of the fee. The court, although relying primarily on its finding that the depositor “owed” the fee to the bank upon service of the writ of garnishment, thus justifying the offset, nevertheless approved the fee. Thus the judicial oversight of the “garnishee’s costs and expenses” provided in section 77.28 has been met.
AFFIRMED.
THOMPSON, C.J.[1], and PLEUS, J., concur.